**Fred SAMIMI, M.D., Petitioner,**

v.

**U.S. DRUG ENFORCEMENT ADMINISTRATION, Respondent.**

No. 14-71315

United States Court of Appeals, Ninth Circuit.

Submitted January 18, 2017 *

Filed January 30, 2017

Fred Samimi, M.D., Pro Se

Anita J. Gay, Trial Attorney, DOJ—U.S. Department of Justice, Narcotic and Dangerous Drug Section, Washington, DC, for Respondent

Before: TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Fred Samimi, M.D., appeals pro se from the U.S. Drug Enforcement Administration ("DEA") Administrator's judgment denying his applications for DEA Certificates of Registration. We have jurisdiction under 21 U.S.C. § 877. We review for sub-

stantial evidence the agency's factual findings, *id.*, and for an abuse of discretion the agency's decision, *Fry v. Drug Enforcement Agency*, 353 F.3d 1041, 1043 (9th Cir. 2003). We affirm.

The DEA Administrator's denial of Dr. Samimi's applications for Certificates of Registration was not an abuse of discretion because substantial evidence supported the Administrator's finding that Dr. Samimi committed acts that were inconsistent with the public interest. *See* 21 U.S.C. § 823(f); *N.L.R.B. v. Int'l Bhd. of Elec. Workers, Local 48*, 345 F.3d 1049, 1054 (9th Cir. 2003) ("Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion" (citations omitted)); *Fry*, 353 F.3d at 1043 (agency decision is not arbitrary and capricious if "based on a consideration of the relevant factors and there is no clear error of judgment" (citation omitted)). Contrary to Dr. Samimi's contentions, the sanction imposed by the Administrator was not impermissibly severe. *See Spencer Livestock Comm'n Co. v. Dep't of Agric.*, 841 F.2d 1451, 1456–57 (9th Cir. 1988) ("[T]he employment of a sanction within the authority of an administrative agency is ... not rendered invalid in a particular case because it is more severe than sanctions imposed in other cases ... Therefore, mere unevenness in the application of the sanction does not render its application in a particular case 'unwarranted in law.'" (citation and internal quotation marks omitted)).

**AFFIRMED.**

---

1. National's Motion To Dismiss Appeal As Moot is denied for lack of subject matter jurisdiction.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.